# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| RONI GONZALEZ, | § | |
| | § | |
| *Plaintiff*, | § | Civil Action No. 4:21-MC-00188 |
| v. | § | Judge Mazzant |
| | § | |
| MAYHILL BEHAVIORAL HEALTH, LLC, | § | |
| | § | |
| *Defendant*. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff's Motion to Modify Arbitration Award (Dkt. #1). Having considered the motion and the relevant pleadings, the Court finds that the motion must be **DENIED**.

### BACKGROUND

Plaintiff Roni Gonzalez ("Gonzalez") was fifty-five years old when she was terminated on January 22, 2018 by Defendant Mayhill Behavioral Health, LLC ("Mayhill") from her position as Director of Health Information Management (Dkt. #1, Exhibit A at pp. 3–4). On March 26, 2019, Gonzalez filed suit against Mayhill, claiming that she was terminated due to her age in violation of the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 623, *et seq*. (Dkt. #2, Exhibit B at p. 2). The Court that found the parties were bound by an arbitration agreement and dismissed the case, and ordered Gonzalez to arbitrate her claims. *See Gonzalez v. Mayhill Behav. Health, LLC*, 4:19-CV-230, 2019 WL 2395274 (E.D. Tex. June 6, 2019).

Gonzalez submitted her claims for arbitration on July 19, 2019, and the final arbitration hearing was held on January 26, 2021. On March 29, 2021, the arbitrator issued the "Final Arbitration Award" and made the following findings:

1. Mayhill discriminated against Gonzalez because of her age in violation of the ADEA.
2. However, Mayhill did not act willfully or show reckless disregard in violation of 29 U.S.C. § 3626(b).
3. Gonzalez is not awarded damages for back pay, front pay, or reinstatement.
4. Gonzalez is not awarded liquidated or punitive damages.
5. Gonzalez is not awarded attorneys' fees.

(Dkt. #1, Exhibit A at p. 7) (the "Award"). Although Gonzalez successfully proved her age discrimination claim, no damages were awarded because the arbitrator found "any compensable damages [were] offset by [Gonzalez's] post-termination damages" or were "not allowable under the law" (Dkt. #1, Exhibit A at p. 6). On April 9, 2021, Gonzalez requested the arbitrator reconsider the award on damages and denial of attorneys' fees. The arbitrator overruled the request on May 3, 2021.

On August 3, 2021, pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1, *et seq.*, Gonzalez filed the present motion seeking judicial modification of the Award (Dkt. #1). Mayhill filed a response on August 16, 2021 (Dkt. #2).

## LEGAL STANDARD

The FAA authorizes a party to an arbitration proceeding to request modification of an award from a federal district court. 9 U.S.C. § 10. However, a court's review of a final arbitrator award is "extremely deferential," *Teamsters Loc. No. 5 v. Formosa Plastics Corp.*, 363 F.3d 368, 371 (5th Cir. 2004), and very narrow. *Positive Software Sols., Inc. v. New Century Mortg. Corp.*, 476 F.3d 278, 280 (5th Cir. 2007). The only grounds on which a court may modify an award are those expressly enumerated by § 11: (a) "there was an evident material miscalculation"; (b) "the arbitrators have awarded upon a matter not submitted to them"; or (c) "the award is imperfect in matter or form not affecting the merits of the controversy." 9 U.S.C. § 11; *see also Citigroup Glob. Mkts., Inc. v. Bacon*, 562 F.3d 349, 358 (5th Cir. 2009) (confirming that "the statutory grounds are

2

the exclusive grounds for [modification] under the FAA").

"[I]n addition to limiting the substantive grounds for pursuing such a [m]otion under the FAA, the FAA has strict procedural requirements." *Moore v. Valero Ardmore Refinery*, No. 3:14-MC-00103, 2015 WL 129985, at *1 (N.D. Tex. Jan. 9, 2015). Section 12 requires notice of a motion to modify be "served upon the adverse party or his attorney within three months after the award is filed or delivered." 9 U.S.C. § 12. As for the method of service used, for a resident defendant, "service shall be made upon the adverse party or his attorney as prescribed by law for service of notice of motion in an action in the same court." *Id*. For a nonresident defendant, notice "shall be served by the marshal of any district within which the adverse party may be found in like manner as other process of the court." *Id.* If a party fails to timely or properly serve notice of a motion to modify an arbitration award, it forfeits the right to seek judicial review of the award. *Garner v. MBNA Am. Bank, N.A.*, No. 3:05-CV-1029, 2006 WL 2354939, at *2 (N.D. Tex. Aug. 14, 2006).

## ANALYSIS

Gonzalez claims the arbitrator erred because despite finding Gonzalez proved she was terminated for age, the arbitrator did not award nominal damages or attorneys' fees. Gonzalez contends these deficiencies entitle her to modification of the Award because of (1) an "evident material miscalculation or mistake" or (2) an "imperfect[ion] in matter of form" (Dkt. #1 at p. 2) (citing 9 U.S.C. § 11(a), (c)). Mayhill disputes each of these claims, contending first that Gonzalez's motion is time-barred by the FAA's statute of limitations, and second that Gonzalez's motion fails on its merits (Dkt. #2). The Court will address each of these issues, in turn.

**I.     Timely Service and Filing Requirements Under the FAA**

Mayhill claims that Gonzalez failed to properly serve Mayhill in accordance with the

procedures set out by the FAA, and that Gonzalez failed to timely serve Mayhill within the three-month statutory period required by the FAA (Dkt. #2 at pp. 9–10 (citing 9 U.S.C. § 12; FED. R. CIV. P. 5)). As indicated by the Certificate of Service attached to Gonzalez's motion (*see* Dkt. #1 at p. 6), Gonzalez served Mayhill by e-mail on August 3, 2021. Mayhill argues, however, that because it never consented to service by e-mail, and no other method of service was attempted within the applicable time limit, the motion is time-barred and must be rejected.

The Court will first address whether Gonzalez's notice was properly effected.

**A. Proper Method of Service under the FAA**

To properly serve notice of a motion to modify an arbitration award on a resident defendant, the notice must be served "as prescribed by law for service of notice of motion in an action in the same court." 9 U.S.C. § 12. Assuming without deciding that Mayhill is a resident of the district, Gonzalez was required to serve Mayhill in accordance with the federal service requirements applicable to this Court. *Moore*, 2015 WL 129985, at *2. The only attempt Gonzalez made to serve Mayhill was by e-mail, a form of electronic service. Under Federal Rule of Civil Procedure 5, "consent to electronic service must be expressly given in writing." Fed. R. Civ. P. 5(b)(2)(E). However, Gonzalez does not argue or present any evidence that Mayhill ever consented to service of the notice by e-mail. Further, Mayhill expressly denies that it ever consented to service by e-mail. Thus, Gonzalez's service of this motion does not appear to follow the procedures required for electronic service in this district.

The Court holds, therefore, that Gonzalez failed to comply with the FAA's procedural service requirements. Further, as discussed below, Gonzalez's service was also untimely.

**B. Timely Service under the FAA**

Under the FAA's applicable limitations provision, "[n]otice of a motion to vacate, modify,

4

or correct an award must be served upon the adverse party or his attorney within three months after the award is filed or delivered." 9 U.S.C. § 12. This three-month time limit is strictly construed by the courts. *See, e.g., Am. Income Life Ins. Co. v. Alkurdi*, No. 6:19-CV-00016, 2019 WL 2022220, at *2 (W.D. Tex. Apr. 25, 2019) (stating that even one day late "alone would be sufficient to bar" the plaintiff's motion to vacate "as untimely"). Simply put, "a party may not raise a motion to [modify] . . . an arbitration award after the three-month period has run." *Cigna Ins. Co. v. Huddleston*, 986 F.2d 1418, 1993 WL 58742, at *11 (5th Cir. 1993) (per curiam) (unpub.) (quoting *Florasynthe, Inc. v. Pickholz*, 750 F.2d 171, 175 (2d Cir. 1984)).

To assess timeliness under § 12 for this case, the Court must determine two preliminary issues—first, how to calculate the three-month deadline, and second, when the Award became "final" to trigger the three-month deadline.

### 1. The Computation of Time under Section 12

As to the first issue, the FAA does not specify what procedure courts should use to calculate the three-month time period, nor has the Fifth Circuit addressed the issue. *Nichols v. U.S. Bank, Nat'l Ass'n*, No. 2:19-MC-162, 2020 WL 61049, at *1 (S.D. Miss. Jan. 6, 2020). In this situation— where the FAA is silent on any specific guidance—the general procedures provided by the Federal Rules of Civil Procedure govern. *See* FED. R. CIV. P. 81(a)(6)(B) ("These rules, to the extent applicable, govern proceedings under the following laws, *except* as these laws provide other procedures. . . (B) 9 U.S.C., relating to arbitration") (emphasis added). Rule 6 provides the default methods to compute time for any statute governed by the Federal Rules of Civil Procedure. *See* FED. R. CIV. P. 6(a) ("The following rules apply in computing any time period specified in these rules . . . or in any statute that does not specify a method of computing time."). Thus, Rule 6 provides the controlling protocol for calculating § 12's three-month deadline.

5

### 2. The Operative Date of the Final Award

In assessing timeliness under § 12, the statute provides that the clock starts ticking from the date a final award is "filed or delivered," whichever is later. 9 U.S.C. § 12; *ABNL Ltd. v. Baker Hughes Process Sys.*, No. H-04-4662, 2005 WL 8164068, at *7 (S.D. Tex. May 16, 2005); *see also McKinney Restoration Co. v. Ill. Dist. Council No. 1*, 392 F.3d 867, 872 (7th Cir. 2004). The Award was issued on March 29, 2021. However, Mayhill refers to May 3, 2021—the date the arbitrator denied reconsideration—as the date the Award became "final" such that it would trigger § 12's limitations period (Dkt. #2 at p. 9). Thus, the Court must determine if the limitations period was triggered when the Award was initially filed or delivered on March 29, or instead when the arbitrator's denial of the reconsideration request was filed or delivered on May 3.

The Court finds that in this case, the filing or delivery of the initial March 29 Award triggered the limitations period, not the arbitrator's subsequent denial of reconsideration. First, as previously noted, arbitration is intended to be a final and binding determination of the parties' claims. *See generally Teamsters Loc. No. 5*, 363 F.3d at 371. And here, the parties agreed to arbitrate their claims pursuant to the FAA and in accordance with the rules of the American Arbitration Association ("AAA") (*see* Dkt. #2, Exhibit A at p. 3). Under both, a party's ability to modify an award is extremely limited.

For example, the AAA Rules permit a party to request reconsideration or modification up to 20 days after an award is filed. *See* Am. Arb. Assoc. R. 40 (2007). However, a request for reconsideration or modification is limited to "clerical, typographical, technical, or computational errors in the award." *Id.* The initial award is considered "final and binding" in all other aspects. Am. Arb. Assoc. R. 39(g) (2007). Similarly, the time period under § 12 in which a party may request a court intervene with an arbitrator's decision is intentionally short. *See* 9 U.S.C. § 12. The

6

purpose of these expedited timelines would be thwarted "if the limitations period . . . were tolled every time a losing party filed the functional equivalent of a motion for reconsideration." *Halliburton Energy Servs. v. NL Indus.*, 618 F. Supp. 2d 614, 627 (S.D. Tex. Mar. 31, 2009) (internal citations omitted); *see also Russ v. United Servs. Auto. Ass'n*, No. CV-18-042222, 2019 WL 3083015, at *5 (D. Ariz. July 15, 2019) ("[p]arties should not be able to delay the intentionally short limitations period for challenging an award merely by filing for a post-award decision"); *Olson v. Wexford Clearing Servs. Corp.*, 397 F.3d 488, 492 (7th Cir. 2005) (comparing reconsideration under § 12 to reconsideration under Fed. R. Civ. P. 60(b) where the filing of a "motion to reconsider outside the ten-day window after the judgment does not toll the time for filing an appeal"). From the plain language of these provisions, the operative date relates to the arbitrator's award—not the denial of a reconsideration of the award.

Thus, given the plain language and intent of these provisions, the Court finds that the Award issued on March 29, 2021 was the arbitrator's final award for the purpose of § 12. To be sure, the March 29 Award is titled "Final Arbitration Award" and states that "[t]his Award is in full settlement of all claims submitted to this arbitration" (Dkt. #1, Exhibit A, at pp. 1, 7). Moreover, when the arbitrator denied reconsideration on May 3, there is no indication that the arbitrator re-interpreted or amended the March 29 Award, or otherwise intended to alter its finality. *See McKinney Restoration Co.*, 392 F.3d at 872 (stating that under the "complete arbitration rule," "where an arbitrator believes the assignment is completed, the award is final and appealable"). Rather, the reconsideration was a mere cursory denial by the arbitrator, not a re-issuance of the final award. *See Fradella v. Petricca*, 183 F.3d 17, 19 (1st Cir. 1999) ("[u]nder the FAA, an arbitral award is deemed 'final' provided it evidences that arbitrators' intention to resolve all claims submitted in the demand for arbitration, even though the arbitrators purport to retain jurisdiction

7

in the event the need arises to resolve some subsidiary matter").

The Court finds, therefore, that the operative date the Award became final was March 29, 2021. The Court will now apply the computation of time procedures provided by Rule 6 to determine if Gonzalez's notice of modification was timely served in accordance with § 12.

### 3. Application of Rule 6 to the Final Award

While the final Award was issued on March 29, § 12 provides that notice of a motion to modify must by served within three months from the date the final award was "filed or delivered." *See* 9 U.S.C. § 12. The AAA rules define "legal delivery" as "placing of the award or a true copy thereof in the mail." *See* AM. ARB. ASSOC. R. 39(f) (2007). Here, the parties did not indicate whether the issuance of the Award was contemporaneous with its filing or delivery, nor did the parties provide the date when the Award was filed, or the legal delivery date when the arbitrator placed the Award in the mail.

Presumably, however, delivery must have occurred sometime prior to April 9, 2021, when Gonzalez requested the arbitrator reconsider the Award. *See Smith v. Shell Chem. Co.*, 333 F. Supp. 2d 579, 585 (M.D. La. 2004) (using the date plaintiff requested review of the award from the arbitration association as the latest possible delivery date). Thus, at the latest, Gonzalez had three months from April 9, 2021 to serve notice of her intention to modify the Award on Mayhill.

Under Rule 6(a), in calculating § 12's three-month period, the Court is to "exclude the day of the event that triggers the period." FED. R. CIV. P. 6(a)(1)(A). Here, after excluding the presumed latest possible delivery date of April 9, 2021, three months is calculated from April 10, 2021, counting each month as if it were standard a thirty-day month. *See Am. Income Life Ins.*, 2019 WL 2022220, at *2 (calculating three-month period under § 12 in same manner); *see also, e.g., Wilson v. Southern Ry. Co.*, 147 F.2d 165, 166 (5th Cir. 1945) (excluding the day of issuance, three-month

window to file motion for new trial began on June 11, 1944 and expired on September 10, 1944). Applying these rules, the first month began on April 10, 2021 and concluded on May 9, 2021; the second month began on May 10, 2021 and concluded on June 9, 2021; and the third month began on June 10, 2021 and concluded on July 9, 2021. Thus, Gonzalez's time to serve Mayhill expired on July 9, 2021.

As stated, Gonzalez did not attempt to serve Mayhill until August 3, 2021. Consequently, Gonzalez did not serve Mayhill within §12's requisite three-month window. The Court concludes, therefore, that Gonzalez's motion is time-barred. *See also, e.g., Moore*, 2015 WL 129985 (motion to vacate arbitration award dismissed where plaintiff failed to comply with § 12's service requirements and defect could no longer be cured because three-month deadline had elapsed).

Even if this motion were not time-barred, however, the Court agrees with Mayhill that the motion would fail on its merits.

**II.     Modification of an Arbitration Award Under the FAA**

Gonzalez claims the arbitrator erred by not awarding her nominal damages and attorneys' fees as the "prevailing party" under the ADEA. Based on the arbitrator's failure to award relief in either of these manners, Gonzalez argues modification of the Award is warranted under §§ 11(a) and 11(c) of the FAA.

As the party moving to modify the arbitration award, Gonzalez bears the burden of proving modification is appropriate. *Pillar to Post, Inc. v. Weible*, No. H-09-3227, 2010 WL 2636121, at *1 (S.D. Tex. June 29, 2010). However, as discussed below, Gonzalez has not met that burden under either § 11(a) or § 11(c).

**A. 11(a) – Material Miscalculation**

Under § 11(a) of the FAA, awards may be modified when there is "an evident material

9

miscalculation of figures or an evident material mistake in the description of any person, thing, or property referred to in the award." 9 U.S.C. § 11(a). "Courts have only found an evident miscalculation of figures when 'the record that was before the arbitrator demonstrates an unambiguous and undisputed mistake of fact and the record demonstrates strong reliance on that mistake by the arbitrator in making his award.'" *McShane v. PilePro Steel, LP*, No. 1:16-CV-964, 2017 WL 1399703, at *7 (W.D. Tex. Apr. 19, 2017) (citing *Woods v. P.A.M. Trans. Inc.-L.U.*, 440 Fed. App'x 265, 269–70 (5th Cir. 2003)); *see also Grain v. Trinity Health, Mercy Health Servs. Inc.*, 551 F.3d 374, 378 (6th Cir. 2008) ("By its terms, 'an evident . . . miscalculation of figures' concerns a computational error in determining the total amount of an award—what the Fourth Circuit calls a 'mathematical error appear[ing] on the face of the award'") (citing *Apex Plumbing Supply, Inc. v. U.S. Supply Co.*, 142 F.3d 188, 194 (4th Cir. 1988)).

In this case, there was no "evident miscalculation" or "evident material mistake" in the arbitrator's Award. Gonzalez never identifies—and this Court cannot locate on the record—any mistake of fact, much less an unambiguous and undisputed one that the arbitrator relied on. Nor does Gonzalez argue that the arbitrator's conclusion that Gonzalez's losses were completely offset was the result of a miscalculation. Rather, as Mayhill points out in its response, Gonzalez's motion for modification of the Award under § 11(a) relies entirely on the idea that she is entitled, as a matter of law, to nominal damages and attorneys' fees under the ADEA. "This argument, however, rests on an alleged mistake of *law*, not a mistake of *fact*," as § 11(a) demands. *Norris v. Jie Bao*, 2019 WL 162887, at *5 (N.D. Tex. Jan. 10, 2019); *see also Mid Atlantic Capital Corp. v. Bien*, 956 F.3d 1182, 1192 (10th Cir. 2020) (affirming "miscalculation of figures" includes only mathematical errors, not legal errors). And "[w]here no mathematical error appears on the face of the award . . . an arbitration award will not be altered." *Apex Plumbing Supply Inc.*, 142 F.3d at

10

194 (internal citations omitted). Thus, Gonzalez has not shown that an appropriate reason exists for modification under § 11(a).

The Court, therefore, declines to modify the Award under § 11(a). The Court will now assess whether modification is warranted under § 11(c).

### B. 11(c) – Imperfection in Matter of Form

Section 11(c) of the FAA permits modification of an award that is "imperfect in a matter of form not affecting the merits of the controversy." 9 U.S.C. § 11(c). An award is "imperfect in matter of form" if it "suffers from a scrivener's error or [ ] otherwise does not deliver on the arbitrator's stated purpose in granting relief." *Grain*, 551 F.3d at 379 (citing *Atlantic Aviation, Inc. v. EMB Grp., Inc.*, 11 F.3d 1276, 1284 (5th Cir. 1994)).

Again, Gonzalez contends the Award should be modified because the arbitrator incorrectly applied the ADEA in declining to award Gonzalez attorneys' fees and nominal damages as the "prevailing party." However, just like her argument for modification under § 11(a), Gonzalez has not shown that modification under § 11(c) is appropriate in this case.

First, Gonzalez is requesting the Court award her additional relief that the arbitrator declined to award. The Fifth Circuit has indicated that where the arbitration agreement provides for "any dispute arising from the contract" to be submitted to arbitration, and the arbitrator declines to award attorneys' fees and related costs, "a district court that ma[kes] such an award would be impermissibly modifying the arbitrators' decision." *Schlobohm v. Pepperidge Farm, Inc.*, 806 F.2d 578, 581 (5th Cir. 1986). Here, the parties' arbitration agreement "applies to any dispute arising out of or related to [Gonzalez's] employment with Mayhill" (Case. No. 4:19-CV-230, Dkt. #5, Exhibit 3 at p. 2). Thus, for the Court to now intervene and award additional damages and attorneys' fees that the arbitrator expressly declined to award "would be inconsistent with the

11

language and policy of the Federal Arbitration Act." *Glover v. IBP, Inc.*, 334 F.3d 471, 477 (5th Cir. 2003) (citing *Schlobohm*, 806 F.2d at 581).

Further, even assuming the arbitrator did incorrectly apply the law, an arbitrator's erroneous interpretation or application of the law does not justify judicial modification of the award. *Mantle v. Upper Deck Co.*, 956 F. Supp. 719, 726 (N.D. Tex. 1997) (citing *United Paperworkers Int'l Union v. Misco, Inc.*, 484 U.S. 29, 38 (1987)); *see also White Springs Ag. Chems., Inc. v. Glawson Invests. Corp.*, 660 F.3d 1277, 1283 (11th Cir. 2011) ("Even though [claimant] presents its argument in terms of the FAA, it asks us to do what we may not—look to the legal merits of the underlying award."). Gonzalez has offered no case law supporting the conclusion that an arbitrator's incorrect application of the law, without more, is sufficient to warrant modification under § 11(c). Moreover, while modification for incorrect application of the law used to be reviewable under the "manifest disregard of the law" standard, the Fifth Circuit unequivocally eliminated this as a nonstatutory ground for modification in light of the Supreme Court's holding in *Hall Street Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576 (2008). *See Citigroup*, 562 F.3d at 355 (citing *Hall Street*, 552 U.S. at 585).

Even when legal error was recognized as a ground for vacating an award, "manifest disregard of the law 'meant more than error or misunderstanding with respect to the law.'" *Id.* (quoting *Prestige Ford v. Ford Dealer Comput. Servs., Inc.*, 324 F.3d 391, 395 (5th Cir. 2003). "It meant that 'the arbitrator appreciated the existence of a clearly governing principle but decided to ignore or pay no attention to it.'" *Id.* In other words, the arbitrator must have ignored a law that was "well defined, explicit, and clearly applicable." *Prestige Ford*, 324 F.3d at 395. "And even upon such an error," the claimant was not entitled to vacatur unless they showed "that the award resulted in a 'significant injustice.'" *Kergosien v. Ocean Energy, Inc.*, 390 F.3d 346, 355 (5th Cir.

2004) (quoting *Williams v. Cigna Fin. Advisors, Inc.*, 197 F.3d 752, 762 (5th Cir. 1999)).

No argument can be made that the arbitrator clearly and incorrectly applied the law in not awarding Gonzalez attorneys' fees and nominal damages, or that the lack of this relief renders the Award a failure in "deliver[ing] on the arbitrator's stated purpose in granting relief." 9 U.S.C. § 11(c). Under the ADEA, an award of attorneys' fees is mandatory, but only to a "prevailing party." *Tyler v. Union Co. of Cal.*, 304 F.3d 379, 404 (5th Cir. 2002) ("The ADEA, by reference to the [Fair Labor Standards Act ("FLSA")] mandates that a district court award attorneys' fees to a plaintiff who is a 'prevailing party'"); 29 U.S.C. § 216(b); 29 U.S.C. § 626(b). "The relevant provision . . . provides that the 'court in such action *shall*, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant.'" *Purcell v. Seguin State Bank & Trust Co.*, 999 F.2d 950, 961 (5th Cir. 1999).

While the Fifth Circuit has not directly addressed the issue in the context of the ADEA, the Supreme Court has analyzed comparable federal fee-shifting statutes and found a party is a "prevailing party" if they "obtain at least some relief on the merits of [their] claim." *Farrar v. Hobby*, 506 U.S. 103, 113 (1992); *see also Tyler*, 304 F.3d at 404. "A judgment for damages in *any amount*, whether compensatory or nominal," constitutes "relief on the merits" as an award of damages "modifies the defendant's behavior for the plaintiff's benefit by forcing the defendant to pay an amount he otherwise would not pay." *Farrar*, 506 U.S. at 113 (emphasis added). For example, the Supreme Court sought to resolve a circuit split on whether the term "prevailing party," as used under the Fair Housing Amendment Acts and the Americans with Disabilities Act, requires the party to obtain "an enforceable judgment, consent decree or settlement giving some of the legal relief sought." *Buckhannon Bd. and Care Home, Inc. v. West Virginia Dep't of Health and Human Resources*, 532 U.S. 598, 602 (2001) (citing *S-1 and S-2 v. State Bd. of Ed. of N.C.*,

13

21 F.3d 49, 51 (4th Cir. 1994) (en banc)). The Court found that it does. The Court criticized circuits that had allowed a plaintiff to recover attorneys' fees "where [there was] no judicially sanctioned change in the legal relationship of the parties," stating that "[t]his is not the type of legal merit that our prior decisions, based upon plain language and congressional intent, have found necessary." *Id.* at 605.

Here, Gonzalez did not receive "[a] judgment for damages in any amount." *Farrar*, 506 U.S. at 113. Gonzalez's success as to liability—unaccompanied by any damages award—is not an enforceable judgment as it leaves nothing for a court to enforce. *Id.* at 112–13 ("A judicial pronouncement that the defendant has violated the Constitution, unaccompanied by any enforceable judgment on the merits, does not render the plaintiff a prevailing party."). Unlike cases where a party prevails on liability but recovers at least nominal damages, *see, e.g.*, *Guerrero v. Torres*, 208 F.3d 1006, 2000 WL 177895, at *1–2 (5th Cir. Jan. 18, 2000) (per curiam) (unpub.), Gonzalez's victory carries no real relief other than moral satisfaction; but "'the moral satisfaction [that] results from any favorable statement of law' cannot bestow prevailing party status." *Farrar*, 506 U.S. at 112–13 (quoting *Hewitt v. Helms*, 482 U.S. 755, 762 (1987) (requiring that a party receive some affirmative relief to be considered a prevailing party under § 1988)); *see also* ATTORNEY FEE AWARDS, *Fee Awards in Employment-Discrimination Suits*, § 11:9 (3d ed.) ("It is well settled that a plaintiff prevails when actual relief on the merits of their claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff."). Thus, Gonzalez's argument on this point is unavailing, and the Court finds no justification for modifying the Award under § 11(c).

In closing, the Court is sympathetic to Gonzalez's situation—a claimant who is denied attorneys' fees because despite successfully proving discrimination, she is not a "prevailing party"

under the law. Yet, as stated at the beginning of this order, this Court is extremely limited in its ability to modify an arbitration award. *Positive Software Sols., Inc.*, 76 F.3d at 280 (5th Cir. 2007). The Supreme Court in "*Hall Street* made it plain that the statutory language means what it says: 'courts *must* [confirm the award] unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title,' . . . and there's nothing malleable about 'must[.]'" *Citigroup* at 358 (citing *Hall Street*, 552 U.S. at 585). Here, Gonzalez did not meet her burden to prove that the arbitrator's Award implicates one of the limited statutory grounds set out in § 11 of the FAA that would permit modification. *See* 9 U.S.C. § 11. Thus, Gonzalez's motion must be denied.

## CONCLUSION

It is therefore **ORDERED** that Plaintiff's Motion to Modify Arbitration Award (Dkt. #1) is **DENIED**.

**IT IS SO ORDERED.**
**SIGNED this 21st day of April, 2022.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE